# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON BLEHM, dba FDC INVESTMENTS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>BETSY MCINTYRE, et al.,<br><br>Defendants. | CASE NO. 08cv1358 BTM (NLS)<br><br>**ORDER GRANTING DEFENDANT UNITED STATES' MOTION TO DISMISS AND DENYING DEFENDANT QUIKSILVER'S MOTION TO DISMISS** |

On August 4, 2008, Defendant Quiksilver, Inc. ("Quiksilver") filed a motion to dismiss Plaintiff Clayton Blehm's Complaint. On August 28, 2008, Defendant Betsy McIntyre ("McIntyre"), later substituted by the United States, also filed a motion to dismiss Plaintiff's Complaint. Plaintiff did not file an opposition to either motion. For the reasons discussed below, the United States' motion is **GRANTED**. Quiksilver's motion is **DENIED**.

## I. BACKGROUND

A. Factual Background

The following facts are taken from the Complaint. The Court makes no finding as to the truthfulness of the allegations of the Complaint.

Plaintiff Clayton Blehm formerly served as the Chief Financial Officer of DC Shoes,

Inc. ("DC Shoes") and on its Board of Directors. (Compl. ¶ 6.) In 1999, Plaintiff, the other DC Shoes owners, and Defendant Quiksilver met to discuss the possible sale of DC Shoes to Quiksilver. (Compl. ¶ 7.) These discussions were unsuccessful. (Id.)

In 2001, the Internal Revenue Service ("IRS") audited DC Shoes (Compl. ¶ 15) and reclassified Plaintiff as an employee of the company (Compl. ¶ 17). McIntyre was the IRS Revenue Agent assigned to the matter. (Compl. ¶ 14.) Previously, Plaintiff had been classified as an independent contractor through his personal services corporation, FDC Investments, Inc. (Compl. ¶ 17.) As a result of this reclassification, in April, 2002, the IRS determined that DC Shoes owed $1.8 million, in addition to penalties and interest, for its failure to withhold payroll taxes related to Plaintiff's employment. (Compl. ¶ 18.)

In March, 2002, Billabong, Inc. ("Billabong") expressed interest in purchasing DC Shoes. (Compl. ¶ 8.) During the spring and summer of 2002, Plaintiff negotiated a deal with Billabong and met with Billabong representatives to discuss operations and a sales campaign. (Compl. ¶¶ 9, 12.) The sale of DC Shoes to Billabong was finalized on June 4, 2002. (Compl. ¶ 10.)

On June 30, 2002, the other owners of DC Shoes, Damon Way and Kenneth Block, met with Plaintiff. (Compl. ¶ 20–21.) Way and Block allegedly expressed their belief that Plaintiff's actions led to the IRS determination and, as a result, terminated Plaintiff. (Compl. ¶ 21.) Following Plaintiff's termination, the DC Shoes-Billabong deal fell through. (Compl. ¶ 23.)

Plaintiff filed a lawsuit against DC Shoes and Billabong on October 2, 2002, alleging wrongful termination. (Compl. ¶ 26.) Plaintiff and DC Shoes ultimately settled the suit on August 20, 2003. (Compl. ¶ 27.) Under the terms of the Settlement Agreement, Plaintiff agreed to resign from the Board and sell his stock back to DC Shoes for $4.5 million. (Def.'s Request for Judicial Notice ("RJN"), Ex. 3 ("Settlement Agreement") ¶ D.) DC Shoes also agreed to pay Plaintiff $10.5 million in cash consideration for the releases stipulated in the Settlement Agreement. (Settlement Agreement ¶ 7.1.) Additionally, the Settlement Agreement provided that "DC Shoes shall acknowledge and agree that (i) the claim made

by the Internal Revenue Service for unpaid taxes relating to Blehm's prior employment with DC Shoes, in the approximate amount of $1,800,000, plus all applicable interest and penalties (the "IRS Claim") is the sole responsibility of DC Shoes, and (ii) none of the FDC Parties shall have any liability or obligation to DC Shoes in connection with the IRS Claim." (Settlement Agreement ¶ 5.)

In January, 2004, Quiksilver, Inc. agreed to purchase DC Shoes. (Compl. ¶ 29.) The deal closed later that spring. (Id.) According to the Complaint, DC Shoes formally refused to pay Plaintiff's employment taxes to the IRS in late 2004. (Compl. ¶ 32.)

B. Procedural Background

On August 17, 2006, Plaintiff brought an action against DC Shoes and its principals (the "DC Parties") in California Superior Court, County of San Diego, North County Branch (the "State Court action"). (Def.'s RJN, Ex. 8 ("State Court Complaint").) Plaintiff asserted claims of breach of contract, intentional concealment, intentional misrepresentation, breach of fiduciary duty, and related causes of action. (See State Court Compl.) Plaintiff's breach of contract and intentional concealment claims went to trial in October, 2007, and the Superior Court entered judgment in favor of the DC Parties on all remaining claims on January 4, 2008. (Def.'s RJN, Ex. 9 ("State Court Judgment").) Plaintiff untimely filed a notice of appeal on July 2, 2008 (Def.'s RJN, Ex. 12) and a motion for a new trial on July 15, 2008 (Def.'s RJN, Ex. 10). On September 16, 2008, the Superior Court denied Plaintiff's motion for a new trial. (Def.'s Second Supp. RJN, Ex. A.) On October 20, 2008, the California Court of Appeal dismissed Plaintiff's appeal. (Def.'s Supp. RJN, Ex. A.)

Plaintiff filed the instant lawsuit in California Superior Court, County of San Diego, North County Branch, on May 29, 2008. Plaintiff alleged fraud and conspiracy against Defendants McIntyre and Quiksilver. (Compl. ¶ 44–63.) On July 8, 2008, the United States, on behalf of McIntyre, removed the case to federal court. On October 23, 2008, the Court substituted the United States for McIntyre.

## II. DISCUSSION

A. <u>The United States' Motion to Dismiss</u>

The United States moves to dismiss Plaintiff's Complaint based on several grounds. The Court finds that because the United States is immune from suit, Plaintiff fails to state a claim upon which relief may be granted. Dismissal is therefore appropriate under Federal Rule of Civil Procedure 12(b)(6) and the Court does not reach the other grounds for dismissal argued by the United States.

1. <u>Standard of Review</u>

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must set forth only a "short and plain statement" of the claim showing that plaintiff is entitled to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). When reviewing a motion to dismiss for failure to state a claim, the Court accepts all well-pleaded facts of the complaint as true and construes them in the light most favorable to the nonmoving party. <u>Decker v. Advantage Fund, Ltd.</u>, 362 F.3d 593, 595 (9th Cir. 2004). The Court generally may not look beyond the face of the complaint in deciding a motion to dismiss. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001).

2. <u>Sovereign Immunity</u>

The United States argues that Plaintiff's claim must fail because it has not waived its sovereign immunity. The United States, as sovereign, cannot be sued without its consent. <u>United States v. Dalm</u>, 494 U.S. 596, 608 (1990). Generally, "the party who sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity." <u>Prescott v. United States</u>, 973 F.2d 696, 701 (9th Cir. 1992). Plaintiff's Complaint sued McIntyre in her

individual capacity and did not address sovereign immunity. The United States, on behalf of McIntyre, properly removed this case to federal court pursuant to 28 U.S.C. 1442(a)(1), which allows removal by an officer of the United States sued in either her official or individual capacity. The Court then correctly substituted the United States as the party defendant in this action [Docket No. 19].

Because Plaintiff neither opposed the United States' notice of substitution nor responded to the United States' motion to dismiss, he failed to address the issue of sovereign immunity. Therefore, Plaintiff has not met his burden of establishing that the United States waived its immunity here.

Even if Plaintiff had sought to establish a waiver of sovereign immunity, his claims would still fail. Plaintiff seeks money damages based on his fraud and conspiracy claims. An action under the Federal Tort Claims Act ("FTCA") is the exclusive remedy for such claims against the United States. See 28 U.S.C. § 1346(b)(1). The FTCA generally waives the federal government's immunity in civil actions for money damages based on the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Id. But, the United States revokes consent under the FTCA for "[a]ny claim arising in respect of the assessment or collection of any tax . . . by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c)).

Courts have read 28 U.S.C. § 2680(c) broadly as it applies to IRS Revenue Agents. In Morris v. United States, 521 F.2d 872, 874 (9th Cir. 1975), the plaintiff alleged that IRS Revenue Agents harassed and intimidated him and his wife, and unlawfully seized and levied upon his property. Even assuming that the agents' conduct was outside the scope of their authority, Morris nonetheless held that the United States was immune from suit, since "the claim [fell] squarely within the exempted group of tort claims arising out of tax collection efforts." See also Jones v. United States, 16 F.3d 979, 980–981 (8th Cir. 1994) (holding that the "United States retains its sovereign immunity under section 2680(c) from claims arising in respect to tax assessment or collection even when, as here, the claims encompass torts and constitutional violations.").

Even if Plaintiff had brought his action under the FTCA, section 2680(c) would apply to bar his suit.  Plaintiff claims that McIntyre and Quiksilver (as parent of DC Shoes) conspired to reach a settlement under I.R.C. § 3509 (Compl. ¶ 56) and then fraudulently failed to disclose the settlement to Plaintiff, inducing him to sell his stock, agree to the sale of DC Shoes, and affecting his personal tax liability (Compl. ¶ 45–50).  McIntyre's allegedly tortious conduct all relates to the "assessment and collection of [a] tax," namely, the employment tax liability arising out of Plaintiff's misclassification as an independent contractor.  This alleged conduct clearly falls within the scope of section 2680(c).  The United States is therefore immune from suit in this action and Plaintiff has failed to state a claim upon which relief may be granted.  The Court **GRANTS** prejudice the United States' motion to dismiss under Rule 12(b)(6) and does not reach the United States' alternate bases for dismissal.

B. Quiksilver's Motion to Dismiss

Defendant Quiksilver argues that Plaintiff's Complaint should be dismissed based on the res judicata effect of the action Plaintiff brought against the DC Parties in California Superior Court on August 17, 2006 (the "State Court action").  The Court disagrees for the reasons explained below.

1. Standard of Review

Quiksilver asserts that Plaintiff's action should be dismissed under Rule 12(b)(6) for failure to state a claim.  Although a court generally should not look beyond the face of the complaint when considering a motion to dismiss (Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)), "[it] may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not 'subject to reasonable dispute.'" Intri-Plex Technologies, Inc. V. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2001) (quoting Lee, 250 F.3d at 689 (internal citations omitted)).

1  The Court takes judicial notice of the State Court action documents relevant to Quiksilver's motion to dismiss, including: (1) Plaintiff's complaint filed in the Superior Court of California on August 17, 2006 (Def.'s RJN, Ex. 8 ("State Court Complaint")); (2) the outcome of the State Court action (Def.'s RJN, Ex. 9 ("State Court Judgment")); (3) Plaintiff's motion for a new trial (Def.'s RJN, Ex. 11); (4) Plaintiff's notice of appeal (Def.'s RJN, Ex. 12); (5) the California Superior Court's order denying Plaintiff's motion for a new trial (Def.'s Supp. RJN, Ex. A); and (6) the California Court of Appeal's order dismissing Plaintiff's appeal (Def.'s Second Supp. RJN, Ex. A). Because Plaintiff's complaint specifically refers to the Settlement Agreement and its authenticity is not in dispute (See, e.g., Compl. ¶ 27), the Court also considers this document. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) ("We have said that a document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned."), *overruled on other grounds by* Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002).

### 2. Res Judicata

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 US 90, 94 (1980). Res judicata applies to bar a subsequent action "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003).

The pleadings in this case do not make clear whether an identity of claims exists with the prior State Court action. In his State Court Complaint, Plaintiff claimed that the DC Parties intentionally failed to disclose material facts including the I.R.C. § 3509 settlement (State Court Compl. ¶ 37) and negotiations to sell DC Shoes (State Court Compl. ¶ 36). Plaintiff further alleged that he justifiably relied on the absence of these facts to his detriment when he entered into the Settlement Agreement on August 20, 2003 and agreed to sell his DC Shoes shares to the DC Parties.

In the present action, Plaintiff asserts fraud and conspiracy. Specifically, Plaintiff now claims that Quiksilver and Betsy McIntyre conspired to fraudulently withhold material facts including the I.R.C. § 3509 settlement, thereby inducing Plaintiff to permit the sale of DC Shoes to Quiksilver in early 2004. (Compl. ¶ ¶ 56, 58.) The Court determines that, on the face of the pleadings, it cannot hold these claims identical to those alleged in Plaintiff's prior State Court action. The Court finds that Quiksilver's defense of res judicata would be more appropriately raised on a noticed motion for summary judgment. Therefore, the Court **DENIES** Quiksilver's motion to dismiss without prejudice. Because the State Court action is now completely resolved, the Court also **DENIES** Quiksilver's motion to stay as moot.

### III. CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** the motion to dismiss filed by Defendant United States [Docket No. 11]. The Court **DENIES** without prejudice Defendant Quiksilver's motion to dismiss [Docket No. 3]. The Clerk is **ORDERED** to enter final judgment dismissing all claims against the United States with prejudice. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay in entering judgment for the United States.

**IT IS SO ORDERED.**

DATED: December 19, 2008

Honorable Barry Ted Moskowitz
United States District Judge